NOT DESIGNATED FOR PUBLICATION

No. 127,666

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREL D. SPATES JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; STACEY DONOVAN, judge. Submitted without oral argument. Opinion filed November 26, 2025. Appeal dismissed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Jon Simpson*, senior assistant district attorney, *Dakota Loomis*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., CLINE, J., and COURTNEY D. CRAVER, District Judge, assigned.

PER CURIAM: Andrel D. Spates Jr. entered an *Alford* plea to voluntary manslaughter and was ordered to register for 15 years as a violent offender under the Kansas Offender Registration Act (KORA). See *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). Spates then moved the district court to find that KORA's relief from registration provision, K.S.A. 22-4908, violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, contending that the statute unjustly permits drug and certain out-of-state offenders to petition for relief from registration while denying the same opportunity to those offenders required to

1

register for violent crimes or sex offenses. The district court rejected Spates' motion, and he now appeals.

Following a thorough review of the record, we find that Spates has not completed his sentence or the five-year postrelease supervision period Kansas offenders must satisfy before they may apply for relief under K.S.A. 22-4908. Nor has he been denied such relief. Accordingly, we conclude that because Spates lacks standing to assert his claim and the matter is not yet ripe for review, his appeal must be dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2024, Spates entered an *Alford* plea to voluntary manslaughter, in violation of K.S.A. 21-5404(a)(2). Consequently, he was required to register as a violent offender under KORA, K.S.A. 22-4901 et seq., for 15 years absent any additional convictions.

At the plea hearing, the district court twice advised Spates of the registration period and he did not object in either instance. Spates also acknowledged that he understood the registration requirement when he signed a "Notice of Duty to Register" specifying that he was "convicted or adjudicated of an offense requiring registration as provided by the Kansas Offender Registration Act."

Prior to sentencing, Spates moved the district court to find that K.S.A. 22-4908, the provision that addresses the possibility of early relief from the registration requirement for select offenders, violated his right to equal protection under the Fourteenth Amendment. He argued: (1) All individuals subject to KORA's registration requirements are similarly situated yet only drug offenders and those with certain out-of-state convictions may petition for removal from the registry; and (2) K.S.A. 22-4908 fails rational basis scrutiny. Specifically, Spates contended that KORA's purpose—to protect

2

public safety—applies equally to all registrants but its exit mechanisms do not, and that no rational reason supports affording only select offenders the opportunity to petition for a reprieve from their obligation to register. As a remedy for the alleged unconstitutional infirmity, Spates proposed extending eligibility to all individuals subject to registration under KORA.

At sentencing, Spates offered no additional arguments in support of his motion. The district court declined to find K.S.A. 22-4908 unconstitutional, and explained that differences in KORA's registration requirements correlate to the nature of an offender's crime. Spates was sentenced to 206 months' imprisonment and given 917 days of credit for time served, i.e., a remaining sentence of approximately 14 years. He now brings his motion before us for a determination of whether K.S.A. 22-4908 violates the Equal Protection Clause.

LEGAL ANALYSIS

*Spates' claim is nonjusticiable.*

Spates contends that (1) K.S.A. 22-4908 violates the Equal Protection Clause because all registrants under KORA are similarly situated, yet only a subset is eligible for removal; (2) the statutory distinction lacks a rational basis; and (3) the appropriate remedy is to extend the relief from the registration provisions to all registrants.

We must address two procedural matters that the State raises prior to considering the merits of Spates' arguments. The State takes the position that (1) Spates lacks standing; and (2) Spates' claim is not ripe. Regarding the merits of Spates' claim, the State contends that (3) even if Spates has standing and raises a ripe claim, K.S.A. 22-4908 does not violate his equal protection rights; and (4) supposing that K.S.A. 22-4908 is unconstitutional, the appropriate remedy is to wholly eliminate registration relief.

3

*Standard of review*

This court's power to determine whether a statute is constitutional arises only when an actual case or controversy exists between the parties. *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 896, 179 P.3d 366 (2008). Kansas law determines justiciability, i.e., whether a case or controversy exists. *Gannon v. State*, 298 Kan. 1107, 1119, 319 P.3d 1196 (2014). To be justiciable, "(a) parties must have standing; (b) issues cannot be moot; (c) issues must be ripe, having taken fixed and final shape rather than remaining nebulous and contingent; and (d) issues cannot present a political question." *Sebelius*, 285 Kan. at 896. Whether a claim is justiciable is a question of law subject to unlimited review. *Solomon v. State*, 303 Kan. 512, 519, 364 P.3d 536 (2015) (stating that determinations of whether a party has standing and whether an issue is ripe are subject to an unlimited standard of review); see *Gannon*, 298 Kan. at 1118-19.

1. *Standing*

To possess standing a party "'must have a "sufficient stake in the outcome of an otherwise justiciable controversy in order to obtain judicial resolution of that controversy."'" *KNEA v. State*, 305 Kan. 739, 746, 387 P.3d 795 (2017). A party has standing if they have a "'right to make a legal claim or seek judicial enforcement of a duty or right.'" 305 Kan. at 746. If a party is unable to fulfill these requirements, a case or controversy does not exist and the case must be dismissed. *Gould v. Crawley*, 65 Kan. App. 2d 814, 831, 573 P.3d 701 (2025) (citing *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, 750, 189 P.3d 494 [2008]). Spates may not request relief from KORA's registration requirements under K.S.A. 22-4908 until he completes his sentence plus five additional years of postrelease supervision. Therefore, Spates does not have a legally protected interest sufficient to create a justiciable controversy.

4

A party seeking to establish that they have standing must also demonstrate (1) they have suffered a cognizable injury and (2) a causal connection exists between the injury and the challenged conduct. *Gould*, 65 Kan. App. 2d at 831. A cognizable injury exists when a person can demonstrate they "suffered or face[] an actual or threatened injury from the challenged conduct." *State v. Stubbs*, 320 Kan. 568, 574, 570 P.3d 1209 (2025) (citing *League of Women Voters of Kansas v. Schwab*, 317 Kan. 805, 813, 539 P.3d 1022 [2023]). Spates has not suffered a cognizable injury as a product of the application of K.S.A. 22-4908 given that he has neither applied for registration relief under the statute nor been denied such relief.

In *Gould*, the district court considered attorney fees for two discovery issues. In the first instance, attorney fees were initially ordered but were then stayed after the district court determined that additional discovery was needed to ascertain whether sanctions were warranted. As it related to the second issue, the district court ordered attorney fees, specifically indicating that they did not constitute sanctions. Gould failed to submit an itemization of attorney fees and costs for the second issue and settled the case prior to final orders being issued. 65 Kan. App. 2d at 841-42.

A panel of this court found that Gould could not satisfy the first prong of the standing test because the district court's refusal to award attorney fees was not properly characterized as a cognizable harm. Gould had already received a settlement payment so he did not suffer a personal injury. Any alleged grievance arising from the district court's decision would have been sustained by his counsel, not Gould himself. This court further determined that, although Gould's counsel might have standing to appeal the denial if sanctions were ordered, such orders were not issued and counsel was not a party to the appeal. 65 Kan. App. 2d at 831-33.

As in *Gould*, Spates did not personally suffer a denial of a right nor does he face a credible threat of harm under K.S.A. 22-4908. First, any alleged injury arising from the

5

operation of the provision would be felt by an offender eligible for, but denied, registration relief. Second, although Spates argues that "[t]here is no rational reason to [preclude him from] an opportunity to relieve himself of the burden to register," he has not shown that he petitioned for relief from the registry and was subsequently denied. Therefore, Spates has not established the cognizable injury required to have standing. See *KNEA*, 305 Kan. at 746.

To have suffered the requisite harm, Spates would first need to (1) complete his sentence plus five additional years of postrelease supervision; (2) petition for relief from KORA's registration requirements; and (3) be denied relief. Put differently, Spates may not claim an injury, if at all, until after he applies for—and is denied—relief in approximately 18 years. That is, upon completion of his prison term plus the five years of postrelease supervision that qualified offenders are statutorily mandated to serve before they are eligible to request relief from their registration requirements.

Spates attempts to imply standing exists by suggesting that any petition for relief he submits will inevitably be denied. A claim of future injury may fulfill the first prong of the standing test when the alleged injury is "'impending'" and "'probable,'" since a plaintiff need not "'expose himself to liability before bringing suit to challenge the basis for the threat.'" *League of Women Voters of Kansas*, 317 Kan. at 813. When a party expresses "'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder,'" the injury component of this "pre-enforcement" challenge is satisfied. 317 Kan. at 813 (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159, 134 S. Ct. 2334, 189 L. Ed. 2d 246 [2014]). A pre-enforcement challenge faces a high threshold, as the party "must show an imminent threat of prosecution that is not speculative or imaginary." *League of Women Voters of Kansas*, 317 Kan. at 813-14 (citing *Driehaus*, 573 U.S. at 160). In *League of Women Voters of Kansas*, our Supreme Court held that four nonprofit organizations had standing under pre-enforcement rules

because they faced a credible risk of being prosecuted for lawful voter registration activities. 317 Kan. at 806, 813-14. Spates, however, does not face a similar guaranteed or imminent risk of future harm.

Moreover, any probable or impending denial of registration that Spates alludes to is arguably speculative as K.S.A. 22-4908 may be subject to amendment during the years he awaits eligibility. First enacted in 1993, K.S.A. 22-4908 was revised in 1994, 1997, 1999, 2001, 2011, 2012, and 2022. L. 1993, ch. 253, § 24; L. 1994, ch. 107, § 6; L. 1997, ch. 181, § 13; L. 1999, ch. 164, § 34; L. 2001, ch. 208, § 15; L. 2011, ch. 95, § 8; L. 2012, ch. 149, § 7; L. 2022, ch. 83, § 4. Initially, only habitual sex offenders were required to register and could petition for relief in 1993. See K.S.A. 1993 Supp. 22-4902; K.S.A. 1993 Supp. 22-4908. In 1997, violent offenders were added to the registry and relief could be granted after 10 years. See K.S.A. 1997 Supp. 22-4908(a); K.S.A. 1997 Supp. 22-4902(a)(2). In the 2011 iteration, the Legislature wholly eliminated the option to pursue relief from registration, though the privilege was reintroduced 11 years later, in 2022. K.S.A. 2011 Supp. 22-4908; K.S.A. 2022 Supp. 22-4908. In its current form—the 2022 version—K.S.A. 22-4908 no longer includes violent offenders within the groups of those permitted to seek relief from registration. K.S.A. 22-4908(a)-(b).

The Legislature certainly possesses the authority to revise the statute again should it be deemed necessary, and those revisions could expand or eliminate the relief from registration provisions. Indeed, during the 2025 legislative session, Kansas lawmakers introduced H.B. 2404 which, if passed, would restore petitioning rights for individuals affected by the 2011 repeal. See H.B. 2404 (2025). Although H.B. 2404 does not apply to Spates in its current form, the combination of the bill's introduction with the history of K.S.A. 22-4908 reflects the Legislature's ongoing willingness to modify the statute. Spates is therefore merely speculating when he asserts that his petition for relief from KORA's registration requirements will be denied when he submits it in approximately 18 years.

Spates has not yet suffered a cognizable injury nor is he subject to a credible threat of imminent harm. Any alleged future injury is speculative. Without a concrete injury, no causal connection exists between state action and harm. Accordingly, Spates lacks the necessary standing to challenge K.S.A. 22-4908.

2. *Ripeness*

Spates' claim also is not ripe for review because it relies on the occurrence of hypothetical events at some, currently indiscernible, point in the future. See *KNEA*, 305 Kan. at 748. Requiring that claims first be ripe before embarking on litigation ensures that courts are not entangled in abstract disagreements. *Bluestem Telephone Co. v. Kansas Corporation Comm'n*, 52 Kan. App. 2d 96, 123, 363 P.3d 1115 (2015). To be ripe, an issue must be concrete and in final shape rather than theoretical and contingent. *Sebelius*, 285 Kan. at 892, 896 (citing *Public Service Comm'n v. Wycoff Co.*, 344 U.S. 237, 243-44, 73 S. Ct. 236, 97 L. Ed. 291 [1952]); *Bluestem Telephone Co.*, 52 Kan. App. 2d at 123 (citing *Shipe v. Public Wholesale Water Supply Dist. No. 25*, 289 Kan. 160, 170, 210 P.3d 105 [2009]).

Although K.S.A. 22-4908(a) and (b) permit certain offenders to petition for relief from KORA's registration requirements, again, neither subsection applies to Spates. First, K.S.A. 22-4908(a) addresses drug offenders and enables them to seek removal from the registry after complying with KORA "for a period of at least five years after the date of parole, discharge or release, whichever date is most recent." Not only is Spates a violent offender rather than a drug offender, but he is not even eligible for release to postrelease supervision for the duration of his approximately 14-year sentence. Spates must then complete five additional years of postrelease supervision prior to reaching what, at this juncture, is merely a hypothetical eligibility under K.S.A. 22-4908(a). Even assuming that Spates categorically qualified under K.S.A. 22-4908(a), which he does not, he brings his claim approximately 19 years too soon.

Second, K.S.A. 22-4908(b) speaks specifically to certain out-of-state offenders and allows them to petition for removal once they are eligible for registration relief in the jurisdiction where they were convicted. As Spates is not an out-of-state offender, he is likewise ineligible for registration relief under K.S.A. 22-4908(b).

Spates argues that he could theoretically satisfy the requirements in a third subsection, K.S.A. 22-4908(f), which requires courts to relieve those offenders from their registration obligation who are eligible under K.S.A. 22-4908(a) or (b) if clear and convincing evidence shows:

"(1) The offender has not been convicted or adjudicated of a felony, other than a felony violation or aggravated felony violation of K.S.A. 22-4903, and amendments thereto, within the five years immediately preceding the filing of the petition, and no proceedings involving any such felony are presently pending or being instituted against the offender;

"(2) the offender's circumstances, behavior and treatment history demonstrate that the offender is sufficiently rehabilitated to warrant relief; and

"(3) registration of the offender is no longer necessary to promote public safety." K.S.A. 22-4908(f).

Multiple, merely potential future scenarios must occur before Spates could be subject to relief from registration under K.S.A. 22-4908(f). To begin with, yet again, Spates is categorically ineligible for review under K.S.A. 22-4908(a) and (b) due to his status as a Kansas violent offender. Even supposing that K.S.A. 22-4908(f) applied to Spates without that eligibility precursor, he brings his claim prematurely as, once more, he has completed neither his sentence nor the five-year postrelease supervision period.

To fall within the scope of this subsection, Spates would need (1) the Legislature to amend the subsection in his favor; (2) to complete his sentence and the requisite postrelease supervision period; (3) to avoid conviction or adjudication of an additional

9

felony during the first five years of his postrelease supervision; and (4) to demonstrate that he is sufficiently rehabilitated. As we cannot determine whether all or any of these steps are currently, or will be, accomplished, we are unable to conclude that this issue is in its final shape and ripe for review.

## CONCLUSION

Spates has failed to establish that he possesses standing to assert his claim or that the issue is even ripe for review. Accordingly, we decline to reach the merits of his arguments challenging the constitutionality of K.S.A. 22-4908 and dismiss his motion as it is nonjusticiable.

Appeal dismissed.